UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DEONTAE ADKISSON,[1] | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No.: 3:17-CV-447-CLC-DCP |
| v. | ) |  |
|  | ) |  |
| TONY PARKER and SHAWN PHILLIPS, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## **MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] that the United States District Court for the Middle District of Tennessee transferred to this Court after assessing Plaintiff with the filing fee [Doc. 2]. For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I.     SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under

---

[1] The Court takes judicial notice that although the last address Plaintiff provided to the Court was Morgan County Correctional Complex in Wartburg, Tennessee, Plaintiff is currently at Whiteville Correctional Facility ("WCFA"), according to the Tennessee Department of Correction's Felony Offender Information website at https://apps.tn.gov/foil-app/search.jsp. Accordingly, the Clerk will be **DIRECTED** to send this memorandum opinion and the accompanying order to Plaintiff at this address.

[28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

On July 10, 2017, Defendants placed Plaintiff in an isolation special management unit ("SMU") in violation of the policy of the Tennessee Department of Correction ("TDOC") [Doc. 1 at 1]. According to Plaintiff, this placement violated his right to due process and demonstrated racial bias, as Defendants only do this to inmates of color [*id.* at 2]. Plaintiff also alleges that this placement amounts to deliberate indifference and misuse of government funds, as Defendants know that Plaintiff does not need to be housed in SMU, but house him there only so that they may collect funding for that housing [*id.*]. Plaintiff filed a grievance about this placement with TDOC asserting that Defendants "violate[d] TDOC policy by putting Plaintiff in [the special management unit]" within ninety days of his parole hearing date [*id.* at 4].

## III. ANALYSIS

First, the PLRA requires a prisoner to exhaust all available administrative remedies related to violation of civil rights prior to bringing lawsuit under § 1983. 42 U.S.C. § 1997e(a). The

content of the grievances filed by a prisoner to exhaust his administrative remedies must give officials "'fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim'" made in the prisoner's complaint for the grievances to exhaust those remedies. *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)). While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints," a complaint that sets forth allegations which, taken as true, establish that the plaintiff is not entitled to relief is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007). Thus, the *Bock* Court did not exclude failure to exhaust from being a ground for dismissal of a complaint for failure to state a claim. *Id.* at 216.

As Plaintiff filed his grievance with his complaint, the grievance is a part of Plaintiff's complaint "for all purposes." Fed. R. Civ. P. 10(c). Further, as set forth above, the substance of the grievance stated only that Defendants "violate[d] TDOC [p]olicy by putting [Plaintiff] in SMU, when [Plaintiff] was [within] 90 days [of his] parole hearing date" [*id.*].

Accordingly, while Plaintiff seeks to assert claims against Defendants based on allegations that Defendants' placement of Plaintiff in a special management unit was due to racial bias and/or misuse of funds, it is apparent that he did not provide fair notice of any such allegations of misconduct in the only grievance he states that he filed regarding this placement. As such, it is apparent from the face of the complaint that Plaintiff did not exhaust his available administrative remedies for these claims and they will be **DISMISSED**.

Further, as to Plaintiff's allegation that Defendants' placement of him in a special management unit violated TDOC policy, which Plaintiff did exhaust, claims under § 1983 can

3

only be brought for "deprivation of rights secured by the constitution and laws of the United States," not violations of state law or prison policies. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Accordingly, this allegation fails to state claim upon which relief may be granted under § 1983 and it will be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above:

1. The Clerk will be **DIRECTED** to update Plaintiff's address and to send a copy of this memorandum opinion and the accompanying order to Plaintiff at WCFA;

2. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to all Defendants. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**